NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

LILIANNE YOUSSEF,

       Plaintiff - Respondent,

  v.

GREAT AMERICAN LIFE INSURANCE
COMPANY,

       Defendant - Petitioner.

No. 25-5232

D.C. No.
2:25-cv-02545-SPG-SHK

MEMORANDUM[*]

---

LILIANNE YOUSSEF, Individually, and
on behalf of the Class,

       Plaintiff - Appellee,

  v.

GREAT AMERICAN LIFE INSURANCE
COMPANY, an Ohio Corporation,

       Defendant - Appellant,

DOES, 1 through 10, Inclusive,

       Defendant - Appellee.

No. 25-5268

D.C. No.
2:25-cv-02545-SPG-SHK

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Submitted August 3, 2026[**]
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Lilianne Youssef filed this putative class action in California state court, asserting a single claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. Youssef sought only equitable relief: an injunction and equitable restitution. Great American Life Insurance Company ("GALIC") removed the action to federal court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Youssef moved to remand to state court, and the district court granted her motion on two grounds: that the district court lacked equitable jurisdiction over her UCL claim and that Youssef lacked Article III standing to seek injunctive relief. GALIC timely appeals the district court's order remanding the action to state court.

1.      We have jurisdiction under 28 U.S.C. § 1291 to review the district court's remand for lack of equitable jurisdiction. "[E]quitable jurisdiction is distinct from subject matter jurisdiction." *Ruiz v. Bradford Exch., Ltd.*, 153 F.4th 907, 916 (9th Cir. 2025) (quoting *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308,

---

[**]      The panel previously ordered this case submitted on the briefs and record without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1314 (9th Cir. 2022)). Because the district court remanded for a reason "other than lack of subject matter jurisdiction," this appeal is not precluded by 28 U.S.C. § 1447(d). *Harmston v. City & County of San Francisco*, 627 F.3d 1273, 1277 (9th Cir. 2010). "Where appellate jurisdiction is not barred by [28 U.S.C.] § 1447(d), we review de novo a district court's decision to remand a removed case." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 953 (9th Cir. 2024).

2.      The district court erred in remanding Youssef's action for lack of equitable jurisdiction because it did not give GALIC the opportunity to waive its defense that Youssef has an adequate remedy at law. After the district court entered its remand order, this court clarified that "district courts are empowered to remand a removed case to state court for lack of equitable jurisdiction, but only after the removing defendant is given the opportunity to waive the adequate-remedy-at-law issue to keep the case in federal court." *Ruiz*, 153 F.4th at 909; *see also id.* at 918 (holding that a defendant "can defeat remand on equitable jurisdiction grounds by waiving the adequate-remedy-at-law issue"). In the district court, GALIC indicated its intent to waive that issue in its proposed surreply, stating that "if this Court declines to remand this case to state court, GALIC will not seek dismissal of Plaintiff's UCL claim based on the adequacy of her legal remedies."

Accordingly, we vacate the district court's order and remand so that GALIC

3                                                                    25-5268

"can perfect its waiver." *Id.* On remand, the district court shall enter an order recalling the remand and shall notify the Los Angeles County Superior Court that the district court has resumed jurisdiction over the action. *See Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1070 (9th Cir. 2021).

3.      Because we vacate the district court's order remanding the entire action on the basis of equitable jurisdiction, we need not reach whether the district court erred in treating the lack of Article III standing over Youssef's request for injunctive relief as an additional basis for remand, nor whether the district court could sever and remand Youssef's request for injunctive relief alone.[1]

**VACATED AND REMANDED.**

---

[1]      Because we vacate the district court's remand order in this appeal, GALIC's separate petition for permission to appeal the remand order under 28 U.S.C. § 1453(c)(1) in No. 25-5232 is denied as moot.